```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA

JOSE SUAZO                                CIVIL ACTION

VERSUS                                    NO: 05-6043

ATLANTIC SOUNDING CO., INC.               SECTION: R(3)
AND WEEKS MARINE, INC.
```

## ORDER AND REASONS

Before the Court is defendants' motion to exclude the testimony and report of plaintiff's economic expert. For the following reasons, the Court DENIES defendants' motion.

### I.   BACKGROUND

This case involves a claim for personal injuries brought under the Jones Act. Plaintiff allegedly sustained back injuries on September 23, 2005 while moving a mooring line during the course of his employment. He seeks general damages and lost future earnings resulting from the incident. The trial in this matter was initially scheduled for October 22, 2007. On October 11, 2007, the Court continued the trial to allow for further

medical evaluation of plaintiff's injuries. Plaintiff's operating surgeon had concluded that plaintiff had reached maximum medical improvement and that he could return to unrestricted duty as a seaman. Plaintiff, however, complained of continued pain and sought a second opinion about the extent of his recovery and capacity to return to work. The parties agreed that this second evaluation would help to determine the extent of plaintiff's damages, if any.

In addition to providing defendants with plaintiff's additional medical evaluation, plaintiff also submitted the report of his economic expert, G. Randolph Rice, Ph. D., a professor emeritus of economics at Louisiana State University, on lost future earnings. Plaintiff submitted this report to defense counsel on October 29, 2007. In a summary of his calculations based on the assumption that plaintiff would be unable to return to work, plaintiff's expert concludes that plaintiff's lost future net earnings from the time of the accident total $860,388.00. Plaintiff's expert further notes that this sum would change depending upon plaintiff's ability to return to work.

Defendants now move to exclude the report and testimony of plaintiff's expert on the grounds that it is untimely and that it fails to satisfy the requirements of Federal Rule of Evidence 702.

**II.  DISCUSSION**

    **A.  Timeliness of Expert Report**

Defendants have failed to show that they will suffer undue prejudice as a result of the report of plaintiff's economic expert. Although plaintiff did not submit this report according to the scheduling order in effect before the Court continued trial in this matter, defendants were aware that plaintiff would rely on Professor Rice's analysis. In the joint pre-trial order prepared for the earlier trial date, defendants noted their objection to the introduction of any report from Professor Rice. Furthermore, plaintiff provided the report to defendants on October 29, 2007, more than two months before the rescheduled trial date. There is no suggestion that Professor Rice's report involves anything but a relatively common calculation of plaintiff's future lost earnings. Defendants have had ample time to produce an expert report that rebuts these findings.

    **B.  Compliance with Fed. R. Ev. 702**

Defendants also argue that the report of plaintiff's economic expert is unreliable because he assumes that plaintiff will be unable to work in the future. Under Federal Rule of Evidence 702, a party may submit an expert report or testimony if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and

(3) the witness has applied the principles and methods reliably to the facts of the case." Here, Professor Rice's report concerns plaintiff's future lost earnings based on assumptions about plaintiff's capacity for future work. His report is not the basis for determining plaintiff's work-life expectancy or plaintiff's capacity to return to work. There is no indication that Professor Rice is vouching for the accuracy of these assumptions. All he vouches for are his calculations about lost earnings. That plaintiff's expert employs a particular assumption does not make his *calculations* unreliable. Indeed, he notes in his report summary that the calculation of plaintiff's future lost earnings would change if plaintiff were able to return to work.[1] Defendants might challenge any assertion that plaintiff is unable to return to work, but the issue of plaintiff's capacity to work is separate from the calculations of his expert.

Defendants further argue the plaintiff's expert report is flawed because Professor Rice lacked a basis for calculating plaintiff's expected annual earnings. They do so, even though they acknowledge that Professor Rice's calculations are logical on their face.[2] Based on tax records that reflect plaintiff's earnings for the first nine months of 2005, the period leading up

---

[1] *See* Def.'s Mem. Supp. Ex. A, R. Doc. 40-3 at 2.

[2] *See* Def.'s Mem. Supp., R. Doc. 40-2 at 3.

to plaintiff's injury, Professor Rice estimates that plaintiff's gross annual earnings were equivalent to $39,629.45. He used this amount along with an assumed wage increase rate of 1.0 percent and a discount rate of 2.0 percent to calculate plaintiff's total lost earnings after taxes. Defendants argue Professor Rice's calculation is incorrect because plaintiff had not previously earned $39,629.45, and because Professor Rice did not specify the tax rate he used. Defendants may raise these points to challenge the credibility of plaintiff's expert report, but they have not shown that the conclusions of plaintiff's expert are incapable of verification. Therefore, they have failed to show the plaintiff's expert report is unreliable under the standards articulated in *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999), and *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 590, 593 (1993). Accordingly, plaintiff's expert report is admissible.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES defendants' motion.

New Orleans, Louisiana, this <u>2nd</u> day of January 2008

_____*Sarah Vance*_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE