FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2009 MAR 17 PM 4:52
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSE SUAZO | CIVIL ACTION |
| VERSUS | NO. 05-6043 |
| ATLANTIC SOUNDING CO., INC, AND WEEKS MARINES, INC. | SECTION "R"(3) |

CHARGES READ TO THE JURY ON MARCH 17, 2009

MEMBERS OF THE JURY:

YOU HAVE HEARD THE EVIDENCE IN THIS CASE. I WILL NOW INSTRUCT YOU ON THE LAW THAT YOU MUST APPLY. IT IS YOUR DUTY TO FOLLOW THE LAW AS I GIVE IT TO YOU. ON THE OTHER HAND, YOU THE JURY ARE THE JUDGES OF THE FACTS. DO NOT CONSIDER ANY STATEMENT THAT I HAVE MADE IN THE COURSE OF TRIAL OR MAKE IN THESE INSTRUCTIONS AS AN INDICATION THAT I HAVE ANY OPINION ABOUT THE FACTS OF THIS CASE.

YOU HAVE HEARD THE CLOSING ARGUMENTS OF THE ATTORNEYS. STATEMENTS AND ARGUMENTS OF THE ATTORNEYS ARE NOT EVIDENCE AND ARE

NOT INSTRUCTIONS ON THE LAW. THEY ARE INTENDED ONLY TO ASSIST THE JURY IN UNDERSTANDING THE EVIDENCE AND THE PARTIES' CONTENTIONS.

YOU ARE NOT TO SINGLE OUT ONE INSTRUCTION ALONE AS STATING THE LAW, BUT YOU MUST CONSIDER THE INSTRUCTIONS AS A WHOLE.

THE BURDEN OF PROOF IS ON THE PLAINTIFF, MR. SUAZO, TO PROVE EVERY ESSENTIAL ELEMENT OF HIS CLAIMS BY A PREPONDERANCE OF THE EVIDENCE.

A PREPONDERANCE OF THE EVIDENCE SIMPLY MEANS EVIDENCE THAT PERSUADES YOU THAT THE PLAINTIFF'S CLAIM IS MORE LIKELY TRUE THAN NOT TRUE.

IN DECIDING WHETHER ANY FACT HAS BEEN PROVEN BY A PREPONDERANCE OF THE EVIDENCE, YOU MAY, UNLESS OTHERWISE INSTRUCTED, CONSIDER THE TESTIMONY OF ALL OF THE WITNESSES, REGARDLESS OF WHO MAY HAVE CALLED THEM, AND ALL OF THE EXHIBITS RECEIVED IN EVIDENCE, REGARDLESS OF WHO MAY HAVE PRODUCED THEM.

IF MR. SUAZO FAILS TO PROVE ANY ESSENTIAL PART OF HIS CLAIM BY A PREPONDERANCE OF THE EVIDENCE, YOU SHOULD FIND FOR THE DEFENDANT ON THAT CLAIM.

YOU MUST CONSIDER ONLY THE EVIDENCE IN THIS CASE. HOWEVER, YOU MAY DRAW SUCH REASONABLE INFERENCES FROM THE TESTIMONY AND EXHIBITS AS YOU FEEL ARE JUSTIFIED IN THE LIGHT OF COMMON

EXPERIENCE. YOU MAY MAKE DEDUCTIONS AND REACH CONCLUSIONS THAT REASON AND COMMON SENSE LEAD YOU TO MAKE FROM THE TESTIMONY AND THE EVIDENCE.

THE TESTIMONY OF A SINGLE WITNESS MAY BE SUFFICIENT TO PROVE ANY FACT, EVEN IF A GREATER NUMBER OF WITNESSES TESTIFIED TO THE CONTRARY, IF AFTER CONSIDERING ALL OF THE OTHER EVIDENCE YOU BELIEVE THAT SINGLE WITNESS.

THERE ARE TWO TYPES OF EVIDENCE YOU MAY CONSIDER. ONE IS DIRECT EVIDENCE--SUCH AS THE TESTIMONY OF AN EYEWITNESS. THE OTHER IS INDIRECT OR CIRCUMSTANTIAL EVIDENCE--THE PROOF OF CIRCUMSTANCES THAT TEND TO PROVE OR DISPROVE THE EXISTENCE OR NONEXISTENCE OF CERTAIN OTHER FACTS. THE LAW MAKES NO DISTINCTION BETWEEN DIRECT AND CIRCUMSTANTIAL EVIDENCE, BUT SIMPLY REQUIRES THAT YOU FIND THE FACTS FROM A PREPONDERANCE OF ALL OF THE EVIDENCE, BOTH DIRECT AND CIRCUMSTANTIAL.

CERTAIN TESTIMONY WAS PRESENTED TO YOU THROUGH A DEPOSITION. A DEPOSITION IS THE SWORN, RECORDED ANSWERS TO QUESTIONS ASKED A WITNESS IN ADVANCE OF THE TRIAL. UNDER SOME CIRCUMSTANCES, IF A WITNESS CANNOT BE PRESENT TO TESTIFY FROM THE WITNESS STAND, THAT WITNESS' TESTIMONY MAY BE PRESENTED, UNDER OATH, IN THE FORM OF A DEPOSITION. SOME TIME BEFORE THIS TRIAL, ATTORNEYS REPRESENTING

THE PARTIES IN THIS CASE QUESTIONED THE WITNESS UNDER OATH. A COURT REPORTER WAS PRESENT AND RECORDED THE TESTIMONY. THE QUESTIONS AND ANSWERS WERE READ AND SHOWN TO YOU. THIS DEPOSITION TESTIMONY IS ENTITLED TO THE SAME CONSIDERATION AS IF THE WITNESS HAD BEEN PRESENT AND HAD TESTIFIED FROM THE WITNESS STAND IN COURT.

IN WEIGHING THE TESTIMONY AND IN DETERMINING THE CREDIBILITY OF ANY WITNESS, YOU MAY CONSIDER THE CONDUCT OF THE WITNESS, THE WITNESS'S BEARING ON THE WITNESS STAND, THE WITNESS'S PERSONAL FEELINGS AS DEMONSTRATED BY HIS OR HER TESTIMONY AND HIS OR HER ACTIONS, ANY INTEREST THE WITNESS MAY HAVE IN THE OUTCOME OF THE CASE, ANY PREJUDICE OR BIAS THE WITNESS MAY HAVE SHOWN, AND ANY PARTIALITY THAT THE WITNESS MAY HAVE DEMONSTRATED.

IN DETERMINING THE WEIGHT TO GIVE TO THE TESTIMONY OF A WITNESS, YOU SHOULD ASK YOURSELF WHETHER THERE WAS EVIDENCE TENDING TO PROVE THAT THE WITNESS TESTIFIED FALSELY CONCERNING SOME IMPORTANT FACT, OR WHETHER THERE WAS EVIDENCE THAT AT SOME OTHER TIME THE WITNESS SAID OR DID SOMETHING, OR FAILED TO SAY OR DO SOMETHING, THAT WAS DIFFERENT FROM THE TESTIMONY THE WITNESS GAVE BEFORE YOU DURING THE TRIAL.

YOU SHOULD KEEP IN MIND, OF COURSE, THAT A SIMPLE MISTAKE BY A WITNESS DOES NOT NECESSARILY MEAN THAT THE WITNESS WAS NOT

TELLING THE TRUTH AS HE OR SHE REMEMBERS IT, BECAUSE PEOPLE MAY FORGET SOME THINGS OR REMEMBER OTHER THINGS INACCURATELY. SO, IF A WITNESS HAS MADE A MISSTATEMENT, YOU NEED TO CONSIDER WHETHER THAT MISSTATEMENT WAS AN INTENTIONAL FALSEHOOD OR SIMPLY AN INNOCENT LAPSE OF MEMORY; AND THE SIGNIFICANCE OF THAT MAY DEPEND ON WHETHER IT HAS TO DO WITH AN IMPORTANT FACT OR WITH ONLY AN UNIMPORTANT DETAIL.

IF A WITNESS IS SHOWN TO HAVE KNOWINGLY TESTIFIED FALSELY CONCERNING ANY MATERIAL MATTER, YOU HAVE A RIGHT TO DISTRUST SUCH WITNESS' TESTIMONY IN OTHER PARTICULARS. YOU MAY REJECT ALL THE TESTIMONY OF THAT WITNESS OR GIVE IT SUCH CREDIBILITY AS YOU THINK IT DESERVES.

WHEN KNOWLEDGE OF TECHNICAL SUBJECT MATTER MAY BE HELPFUL TO THE JURY, A PERSON WHO HAS SPECIAL TRAINING OR EXPERIENCE IN THAT TECHNICAL FIELD--HE IS CALLED AN EXPERT WITNESS--IS PERMITTED TO STATE HIS OPINION ON THOSE TECHNICAL MATTERS. HOWEVER, YOU ARE NOT REQUIRED TO ACCEPT THAT OPINION. AS WITH ANY OTHER WITNESS, IT IS UP TO YOU TO DECIDE WHETHER TO RELY ON IT.

IN DECIDING WHETHER TO ACCEPT OR RELY UPON THE OPINION OF AN EXPERT WITNESS, YOU MAY CONSIDER ANY BIAS OF THE WITNESS, INCLUDING ANY BIAS YOU MAY INFER FROM EVIDENCE THAT THE EXPERT WITNESS HAS

BEEN OR WILL BE PAID FOR REVIEWING THE CASE AND TESTIFYING, OR FROM EVIDENCE THAT HE TESTIFIES REGULARLY AS AN EXPERT WITNESS AND HIS INCOME FROM SUCH TESTIMONY REPRESENTS A SIGNIFICANT PORTION OF HIS INCOME, OR ANY RELATIONSHIP BETWEEN THE WITNESS AND ANY PARTY TO THE CASE.

DURING THE COURSE OF THE TRIAL, THE PARTIES HAVE AGREED, OR STIPULATED, TO CERTAIN FACTS. THIS MEANS THAT BOTH SIDES AGREE THAT THIS IS A FACT. YOU MUST THEREFORE TREAT THIS FACT AS HAVING BEEN PROVED.

DURING THE COURSE OF THE TRIAL, YOU HAVE HEARD OBJECTIONS TO EVIDENCE. IT IS THE DUTY OF THE ATTORNEY ON EACH SIDE OF A CASE TO OBJECT WHEN THE OTHER SIDE OFFERS TESTIMONY OR EVIDENCE THAT THE ATTORNEY BELIEVES IS NOT PROPERLY ADMISSIBLE. YOU SHOULD NOT DRAW ANY INFERENCE AGAINST OR SHOW ANY PREJUDICE AGAINST A LAWYER OR HIS CLIENT BECAUSE OF THE MAKING OF AN OBJECTION.

WHEN THE COURT ALLOWS TESTIMONY OR OTHER EVIDENCE TO BE INTRODUCED OVER THE OBJECTION OF AN ATTORNEY, THE COURT DOES NOT, UNLESS EXPRESSLY STATED, INDICATE ANY OPINION AS TO THE WEIGHT OR EFFECT OF THAT EVIDENCE. AS STATED BEFORE, THE JURORS ARE THE SOLE JUDGES OF THE CREDIBILITY OF ALL WITNESSES AND THE WEIGHT AND EFFECT OF ALL EVIDENCE.

WHEN THE COURT HAS SUSTAINED AN OBJECTION TO A QUESTION ADDRESSED TO A WITNESS, YOU MUST DISREGARD THE QUESTION ENTIRELY, AND YOU MAY DRAW NO INFERENCE FROM THE WORDING OF IT, OR SPECULATE AS TO WHAT THE WITNESS WOULD HAVE SAID IF PERMITTED TO ANSWER THE QUESTION.

DURING THE COURSE OF THE TRIAL, I HAVE OCCASIONALLY ASKED A QUESTION OF A WITNESS IN ORDER TO BRING OUT FACTS NOT THEN FULLY COVERED IN THE TESTIMONY. DO NOT ASSUME THAT I HOLD ANY OPINION ON THE MATTERS TO WHICH MY QUESTION OR QUESTIONS MAY HAVE RELATED. REMEMBER AT ALL TIMES, YOU, AS JURORS, ARE THE SOLE JUDGES OF THE FACTS.

AS I INSTRUCTED YOU AT THE BEGINNING OF THE TRIAL, YOUR NOTES, IF YOU HAVE CHOSEN TO TAKE ANY, SHOULD BE USED ONLY AS MEMORY AIDS. YOU SHOULD NOT GIVE YOUR NOTES PRECEDENCE OVER YOUR INDEPENDENT RECOLLECTION OF THE EVIDENCE. IF YOU HAVE NOT TAKEN NOTES, YOU SHOULD RELY ON YOUR INDEPENDENT RECOLLECTION OF THE PROCEEDINGS, AND YOU SHOULD NOT BE UNDULY INFLUENCED BY THE NOTES OF OTHER JURORS. NOTES ARE NOT ENTITLED TO ANY GREATER WEIGHT THAN THE MEMORY OR IMPRESSION OF EACH JUROR AS TO WHAT THE TESTIMONY WAS. WHETHER YOU HAVE TAKEN NOTES OR NOT, EACH OF YOU MUST FORM YOUR OWN OPINION AS TO THE FACTS OF THE CASE.

DO NOT LET BIAS, PREJUDICE OR SYMPATHY PLAY ANY PART IN YOUR DELIBERATIONS. CORPORATIONS AND ALL OTHER PERSONS ARE EQUAL BEFORE THE LAW AND MUST BE TREATED AS EQUALS IN A COURT OF JUSTICE. ATLANTIC SOUNDING CO., INC., AND WEEKS MARINE, INC. ARE CORPORATIONS, AND ARE ENTITLED TO THE SAME FAIR TRIAL AS ANY INDIVIDUAL.

IN THIS CASE, PLAINTIFF JOSE SUAZO SEEKS DAMAGES FOR INJURIES THAT HE ALLEGEDLY SUSTAINED ON OR ABOUT SEPTEMBER 23, 2005, WHEN HE WORKED ON BOARD THE VESSEL ELIZABETH. MR. SUAZO ALLEGES THAT HE INJURED HIS BACK WHILE SECURING BARGE 261 TO A DOCK. HE CLAIMS THAT HIS INJURY WAS CAUSED BY THE NEGLIGENCE OF ATLANTIC SOUNDING CO., INC. AND THE FAILURE BY WEEKS MARINE INC. TO FURNISH SEAWORTHY VESSELS.

THE DEFENDANTS DENY LIABILITY. THEY CONTEND THAT MR. SUAZO'S INJURY WAS NOT THE RESULT OF A DEFENDANTS NEGLIGENCE AND THAT NEITHER THE M/V ELIZABETH NOR BARGE 261 WAS UNSEAWORTHY. DEFENDANTS CONTEND THAT THEY DID NOT CAUSE THE INJURIES THAT MR. SUAZO SEEKS TO BE COMPENSATED FOR AND THAT ANY INJURY SUFFERED BY MR. SUAZO WAS CAUSED BY HIS OWN FAULT.

PLAINTIFF'S CLAIMS

MR. SUAZO IS ASSERTING TWO SEPARATE CLAIMS IN THIS CASE.

HIS FIRST CLAIM, UNDER A FEDERAL LAW KNOWN AS THE JONES ACT, IS THAT HIS EMPLOYER, ATLANTIC SOUNDING CO., INC., WAS NEGLIGENT, AND THAT THIS NEGLIGENCE WAS A LEGAL CAUSE OF HIS INJURIES. THE PLAINTIFF'S SECOND CLAIM IS THAT UNSEAWORTHINESS OF A WEEKS MARINE VESSEL CAUSED HIS INJURY.

YOU MUST CONSIDER EACH OF THESE CLAIMS SEPARATELY. THE PLAINTIFF IS NOT REQUIRED TO PROVE BOTH OF THESE CLAIMS. HE MAY RECOVER IF HE PROVES EITHER ONE OF THEM. HOWEVER, HE MAY RECOVER ONLY THOSE DAMAGES OR BENEFITS THAT THE LAW PROVIDES FOR THE CLAIM THAT HE PROVES; HE MAY NOT RECOVER THE SAME DAMAGES OR BENEFITS MORE THAN ONCE.

JONES ACT

MR. SUAZO'S FIRST CLAIM IS ASSERTED UNDER THE JONES ACT. THE JONES ACT IS A FEDERAL LAW WHICH PROVIDES A REMEDY TO ANY SEAMAN WHO SUFFERS PERSONAL INJURIES IN THE COURSE OF AND SCOPE OF HIS EMPLOYMENT AS A RESULT OF THE NEGLIGENCE OR FAULT OF HIS EMPLOYER, WHICH IN THIS CASE IS ATLANTIC SOUNDING CO. INC.

IN ORDER TO PREVAIL ON HIS JONES ACT CLAIM, MR. SUAZO MUST PROVE EACH OF THE FOLLOWING ELEMENTS BY A PREPONDERANCE OF THE EVIDENCE:

1. THAT THE DEFENDANT, ATLANTIC SOUNDING CO., INC., WAS

"NEGLIGENT," AS CLAIMED.

2. THAT SUCH NEGLIGENCE WAS A LEGAL CAUSE OF DAMAGE SUSTAINED BY PLAINTIFF.

NEGLIGENCE IS THE DOING OF AN ACT THAT A REASONABLY PRUDENT PERSON WOULD NOT DO, OR THE FAILURE TO DO SOMETHING THAT A REASONABLY PRUDENT PERSON WOULD DO, UNDER THE SAME OR SIMILAR CIRCUMSTANCES. THE OCCURRENCE OF AN ACCIDENT, STANDING ALONE, DOES NOT MEAN ANYONE'S NEGLIGENCE CAUSED THE ACCIDENT.

IN A JONES ACT CLAIM, THE WORD "NEGLIGENCE" IS GIVEN A LIBERAL INTERPRETATION. IT INCLUDES ANY BREACH OF DUTY THAT AN EMPLOYER OWES TO HIS EMPLOYEES WHO ARE SEAMEN, INCLUDING THE DUTY OF PROVIDING FOR THE SAFETY OF THE CREW.

UNDER THE JONES ACT, IF THE EMPLOYER'S NEGLIGENT ACT CAUSED THE PLAINTIFF'S INJURY, IN WHOLE OR IN PART, THEN YOU MUST FIND THAT THE EMPLOYER IS LIABLE.

NEGLIGENCE UNDER THE JONES ACT MAY CONSIST OF A FAILURE TO COMPLY WITH A DUTY REQUIRED BY LAW. EMPLOYERS OF SEAMEN HAVE A DUTY TO PROVIDE THEIR EMPLOYEES WITH A REASONABLY SAFE PLACE TO WORK. IF YOU FIND THAT THE PLAINTIFF WAS INJURED BECAUSE THE DEFENDANT FAILED TO FURNISH HIM WITH A REASONABLY SAFE PLACE TO WORK, AND THAT THE PLAINTIFF'S WORKING CONDITIONS COULD HAVE BEEN

MADE SAFE THROUGH THE EXERCISE OF REASONABLE CARE, THEN YOU MUST FIND THAT THE DEFENDANT WAS NEGLIGENT.

THAT THE DEFENDANT CONDUCTED ITS OPERATIONS IN A MANNER SIMILAR TO THAT OF OTHER COMPANIES IS NOT CONCLUSIVE AS TO WHETHER THE DEFENDANT WAS NEGLIGENT.

YOU MUST DETERMINE IF THE OPERATION IN QUESTION WAS REASONABLY SAFE UNDER THE CIRCUMSTANCES. THAT A CERTAIN PRACTICE HAS BEEN CONTINUED FOR A LONG PERIOD OF TIME DOES NOT NECESSARILY MEAN THAT IT IS REASONABLY SAFE UNDER ALL CIRCUMSTANCES. A LONG ACCEPTED PRACTICE MAY BE AN UNSAFE PRACTICE. HOWEVER, A PRACTICE IS NOT NECESSARILY UNSAFE OR UNREASONABLE MERELY BECAUSE IT INJURES SOMEONE.

A SEAMAN'S EMPLOYER IS LEGALLY RESPONSIBLE FOR THE NEGLIGENCE OF ONE OF HIS EMPLOYEES WHILE THAT EMPLOYEE IS ACTING WITHIN THE COURSE AND SCOPE OF HIS EMPLOYMENT.

IF YOU FIND FROM A PREPONDERANCE OF THE EVIDENCE THAT THE DEFENDANT ASSIGNED THE PLAINTIFF TO PERFORM A TASK THAT THE PLAINTIFF WAS NOT ADEQUATELY TRAINED TO PERFORM, YOU MUST FIND THAT THE DEFENDANT WAS NEGLIGENT.

CAUSATION UNDER THE JONES ACT

NOT EVERY INJURY THAT FOLLOWS AN ACCIDENT NECESSARILY RESULTS

FROM IT. THE ACCIDENT MUST BE THE CAUSE OF THE INJURY.

IN DETERMINING CAUSATION, A DIFFERENT RULE APPLIES TO THE JONES ACT CLAIM THAN TO THE UNSEAWORTHINESS CLAIM.

UNDER THE JONES ACT, FOR BOTH THE EMPLOYER'S NEGLIGENCE AND THE PLAINTIFF'S CONTRIBUTORY NEGLIGENCE, AN INJURY OR DAMAGE IS CONSIDERED CAUSED BY AN ACT OR FAILURE TO ACT IF THE ACT OR OMISSION BROUGHT ABOUT OR ACTUALLY CAUSED THE INJURY OR DAMAGE, IN WHOLE OR IN PART.

UNSEAWORTHINESS

MR. SUAZO ALSO CLAIMS THAT HIS INJURIES WERE CAUSED BY THE UNSEAWORTHINESS OF WEEKS MARINE'S VESSELS, THE M/V ELIZABETH AND BARGE 261.

IN ORDER TO PREVAIL ON HIS UNSEAWORTHINESS CLAIM, MR. SUAZO MUST PROVE THE FOLLOWING ELEMENTS BY A PREPONDERANCE OF THE EVIDENCE:

1. THAT THE M/V ELIZABETH OR BARGE 261 WAS UNSEAWORTHY, AS CLAIMED.

2. THAT THE UNSEAWORTHY CONDITION WAS A PROXIMATE CAUSE OF DAMAGES TO THE PLAINTIFF.

A SHIPOWNER OWES TO EVERY MEMBER OF THE CREW EMPLOYED ON ITS

VESSEL THE ABSOLUTE DUTY TO KEEP AND MAINTAIN THE SHIP, AND ALL DECKS AND PASSAGEWAYS, APPLIANCES, GEAR, TOOLS, PARTS AND EQUIPMENT OF THE VESSEL IN A SEAWORTHY CONDITION AT ALL TIMES.

A SEAWORTHY VESSEL IS ONE THAT IS REASONABLY FIT FOR ITS INTENDED USE. THE DUTY TO PROVIDE A SEAWORTHY VESSEL IS ABSOLUTE BECAUSE THE OWNER MAY NOT DELEGATE THAT DUTY TO ANYONE. LIABILITY FOR AN UNSEAWORTHY CONDITION DOES NOT IN ANY WAY DEPEND UPON NEGLIGENCE OR FAULT OR BLAME. IF AN OWNER DOES NOT PROVIDE A SEAWORTHY VESSEL--A VESSEL THAT IS REASONABLY FIT FOR ITS INTENDED USE--NO AMOUNT OF CARE OR PRUDENCE EXCUSES THE OWNER.

THE DUTY TO PROVIDE A SEAWORTHY VESSEL INCLUDES A DUTY TO SUPPLY AN ADEQUATE AND COMPETENT CREW. A VESSEL MAY BE UNSEAWORTHY EVEN THOUGH IT HAS A NUMERICALLY ADEQUATE CREW, IF TOO FEW PERSONS ARE ASSIGNED TO A GIVEN TASK.

HOWEVER, THE OWNER OF A VESSEL IS NOT REQUIRED TO FURNISH AN ACCIDENT FREE SHIP. HE NEED ONLY FURNISH A VESSEL AND ITS APPURTENANCES THAT ARE REASONABLY FIT FOR THEIR INTENDED USE AND A CREW THAT IS REASONABLY ADEQUATE FOR THEIR ASSIGNED TASKS.

THE SHIPOWNER IS NOT REQUIRED TO PROVIDE THE BEST APPLIANCES AND EQUIPMENT, OR THE FINEST OF CREWS, ON HIS VESSEL. HE IS REQUIRED ONLY TO PROVIDE GEAR THAT IS REASONABLY PROPER AND

SUITABLE FOR ITS INTENDED USE, AND A CREW THAT IS REASONABLY ADEQUATE.

IN SUMMARY, IF YOU FIND THAT THE OWNER OF THE VESSEL DID NOT PROVIDE AN ADEQUATE CREW OF SUFFICIENT MANPOWER TO PERFORM THE TASKS REQUIRED, OR IF YOU FIND THAT THE VESSEL WAS IN ANY MANNER UNFIT IN ACCORDANCE WITH THE LAW AS I HAVE JUST EXPLAINED IT TO YOU AND THAT THIS WAS A PROXIMATE CAUSE OF THE INJURY, A TERM I WILL EXPLAIN TO YOU, THEN YOU MAY FIND THAT THE VESSEL WAS UNSEAWORTHY AND THE SHIPOWNER LIABLE.

HOWEVER, IF YOU FIND THAT WEEKS MARINE HAD A CAPABLE CREW AND APPLIANCES AND GEAR THAT WERE SAFE AND SUITABLE FOR THEIR INTENDED USE, THEN THE VESSEL WAS NOT UNSEAWORTHY AND WEEKS MARINE IS NOT LIABLE TO THE PLAINTIFF ON THE CLAIM OF UNSEAWORTHINESS.

CAUSATION FOR UNSEAWORTHINESS

FOR HIS UNSEAWORTHINESS CLAIM, MR. SUAZO MUST SHOW NOT MERELY THAT THE UNSEAWORTHY CONDITION WAS A CAUSE OF HIS INJURY, BUT ALSO THAT THIS CONDITION WAS A PROXIMATE CAUSE OF IT. THIS MEANS THAT MR. SUAZO MUST SHOW THAT THE CONDITION IN QUESTION PLAYED A SUBSTANTIAL PART IN BRINGING ABOUT OR ACTUALLY CAUSING HIS INJURY, AND THAT THE INJURY WAS EITHER A DIRECT RESULT OR A REASONABLY PROBABLE CONSEQUENCE OF THE CONDITION.

## CONTRIBUTORY NEGLIGENCE

DEFENDANTS CONTEND THAT MR. SUAZO WAS NEGLIGENT, AND THAT HIS NEGLIGENCE CAUSED OR CONTRIBUTED TO CAUSING HIS INJURY. THIS IS THE DEFENSE OF CONTRIBUTORY NEGLIGENCE. CONTRIBUTORY NEGLIGENCE IS A DEFENSE TO BOTH JONES ACT NEGLIGENCE AND UNSEAWORTHINESS. ATLANTIC SOUNDING CO., INC., AND WEEKS MARINE, INC. HAVE THE BURDEN OF PROVING THAT THE PLAINTIFF WAS CONTRIBUTORILY NEGLIGENT.

A SEAMAN IS OBLIGATED TO ACT WITH ORDINARY PRUDENCE UNDER THE CIRCUMSTANCES. THE CIRCUMSTANCES OF A SEAMAN'S EMPLOYMENT INCLUDE NOT ONLY HIS RELIANCE ON HIS EMPLOYER TO PROVIDE A SAFE WORK ENVIRONMENT, BUT ALSO HIS OWN EXPERIENCE, TRAINING AND EDUCATION. IN OTHER WORDS, A SEAMAN HAS THE DUTY TO EXERCISE THAT DEGREE OF CARE FOR HIS OWN SAFETY THAT A REASONABLE SEAMAN WOULD EXERCISE IN LIKE CIRCUMSTANCES. IF THE PLAINTIFF WAS GUILTY OF CONTRIBUTORY NEGLIGENCE THAT CONTRIBUTED TO HIS INJURY, HE NEVERTHELESS MAY RECOVER. HOWEVER, THE AMOUNT OF HIS RECOVERY WILL BE REDUCED BY THE EXTENT OF HIS CONTRIBUTORY NEGLIGENCE.

## ALLOCATION OF FAULT

IF YOU FIND THAT ATLANTIC SOUNDING CO., INC. WAS NEGLIGENT AND THAT A WEEKS MARINE VESSEL WAS UNSEAWORTHY, AND THAT THE NEGLIGENCE AND UNSEAWORTHINESS WAS A CAUSE OF THE PLAINTIFF'S INJURY UNDER THE

CAUSATION INSTRUCTIONS I HAVE GIVEN YOU, I INSTRUCT YOU TO ASSIGN PERCENTAGES OF FAULT TO EACH ONE. SIMILARLY, IF YOU ALSO FIND THAT THE ACCIDENT WAS DUE PARTLY TO THE CONTRIBUTORY NEGLIGENCE OF MR. SUAZO, THEN YOU MUST DETERMINE THE PERCENTAGE THE PLAINTIFF'S CONTRIBUTORY NEGLIGENCE CONTRIBUTED TO THE ACCIDENT. YOU ARE FREE TO ASSIGN WHATEVER PERCENTAGE YOU FEEL APPROPRIATE, AND YOU SHOULD DO SO BY ANSWERING THE QUESTION PROVIDED TO YOU ON THE SPECIAL VERDICT FORM THAT YOU WILL RECEIVE IN A FEW MOMENTS. THE TOTAL OF THESE PERCENTAGES MUST EQUAL 100%. DO NOT MAKE ANY REDUCTION IN THE AMOUNT OF DAMAGES THAT YOU AWARD TO THE PLAINTIFF. I WILL REDUCE THE DAMAGES THAT YOU AWARD BY THE PERCENTAGE OF CONTRIBUTORY NEGLIGENCE THAT YOU ASSIGN TO THE PLAINTIFF.

CONSIDER DAMAGES ONLY IF NECESSARY

IF THE PLAINTIFF HAS PROVEN HIS CLAIM AGAINST THE DEFENDANTS BY A PREPONDERANCE OF THE EVIDENCE, YOU MUST DETERMINE THE DAMAGES TO WHICH THE PLAINTIFF IS ENTITLED. YOU SHOULD NOT INTERPRET THE FACT THAT I GIVE YOU INSTRUCTIONS ABOUT THE PLAINTIFF'S DAMAGES AS AN INDICATION IN ANY WAY THAT I BELIEVE THAT THE PLAINTIFF SHOULD, OR SHOULD NOT, WIN THIS CASE. IT IS YOUR TASK FIRST TO DECIDE WHETHER THE DEFENDANTS ARE LIABLE. I AM INSTRUCTING YOU ON DAMAGES ONLY SO THAT YOU WILL HAVE GUIDANCE IN THE EVENT YOU DECIDE THAT

THE DEFENDANTS ARE LIABLE AND THAT THE PLAINTIFF IS ENTITLED TO RECOVER MONEY FROM THE DEFENDANTS.

COMPENSATORY DAMAGES

IF YOU FIND THAT THE DEFENDANTS ARE LIABLE, YOU MUST AWARD THE AMOUNT YOU FIND BY A PREPONDERANCE OF THE EVIDENCE AS FULL AND JUST COMPENSATION FOR ALL OF THE PLAINTIFF'S DAMAGES. COMPENSATORY DAMAGES ARE NOT ALLOWED AS A PUNISHMENT AGAINST A PARTY. SUCH DAMAGES CANNOT BE BASED ON SPECULATION, FOR IT IS ONLY ACTUAL DAMAGES--WHAT THE LAW CALLS COMPENSATORY DAMAGES--THAT ARE RECOVERABLE. HOWEVER, COMPENSATORY DAMAGES ARE NOT RESTRICTED TO ACTUAL LOSS OF TIME OR MONEY; IF THE PLAINTIFF WINS, HE IS ENTITLED TO COMPENSATORY DAMAGES FOR THE PHYSICAL INJURY, PAIN AND SUFFERING, MENTAL ANGUISH, SHOCK AND DISCOMFORT THAT HE HAS SUFFERED BECAUSE OF THE DEFENDANT'S CONDUCT. COMPENSATORY DAMAGES ARE AN ATTEMPT TO MAKE THE PLAINTIFF WHOLE, OR TO RESTORE HIM TO THE POSITION HE WOULD HAVE BEEN IN IF THE ACCIDENT HAD NOT HAPPENED.

YOU SHOULD CONSIDER THE FOLLOWING ELEMENTS OF DAMAGES, TO THE EXTENT YOU FIND THAT THE PLAINTIFF HAS ESTABLISHED SUCH DAMAGES BY A PREPONDERANCE OF THE EVIDENCE: PHYSICAL PAIN AND SUFFERING INCLUDING PHYSICAL DISABILITY, IMPAIRMENT, MENTAL ANGUISH AND LOSS

OF CAPACITY FOR ENJOYMENT OF LIFE THAT THE PLAINTIFF EXPERIENCED IN THE PAST OR WILL EXPERIENCE IN THE FUTURE AS A RESULT OF THE BODILY INJURY. MENTAL ANGUISH AND FEELINGS OF ECONOMIC INSECURITY CAUSED BY DISABILITY; INCOME LOSS IN THE PAST; IMPAIRMENT OF EARNING CAPACITY OR ABILITY IN THE FUTURE, INCLUDING IMPAIRMENT IN THE NORMAL PROGRESS IN THE PLAINTIFF'S EARNING CAPACITY DUE TO HIS PHYSICAL CONDITION.

SOME OF THESE DAMAGES, SUCH AS MENTAL OR PHYSICAL PAIN AND SUFFERING, ARE INTANGIBLE THINGS ABOUT WHICH NO EVIDENCE OF VALUE IS REQUIRED. IN AWARDING THESE DAMAGES, YOU ARE NOT DETERMINING VALUE, BUT YOU SHOULD AWARD AN AMOUNT THAT WILL FAIRLY COMPENSATE THE PLAINTIFF FOR HIS INJURIES.

ANY AWARD OF COMPENSATORY DAMAGES YOU MAKE TO PLAINTIFF IS NOT SUBJECT TO INCOME TAX. NEITHER THE STATE NOR THE FEDERAL GOVERNMENT WILL TAX IT. THEREFORE, YOU SHOULD DETERMINE THE AMOUNT PLAINTIFF IS ENTITLED TO RECOVER WITHOUT CONSIDERING THE EFFECT OF TAXES ON IT.

FUTURE DAMAGES

IF YOU FIND THAT THE PLAINTIFF IS REASONABLY CERTAIN TO SUFFER DAMAGES IN THE FUTURE FROM HIS INJURIES, THEN YOU SHOULD AWARD HIM THE AMOUNT YOU BELIEVE WOULD FAIRLY COMPENSATE HIM FOR SUCH FUTURE

DAMAGES.

REDUCTION OF FUTURE DAMAGES TO PRESENT VALUE

AN AWARD OF FUTURE DAMAGES NECESSARILY REQUIRES THAT PAYMENT BE MADE NOW FOR A LOSS THAT PLAINTIFF WILL NOT ACTUALLY SUFFER UNTIL SOME FUTURE DATE. IF YOU SHOULD FIND THAT THE PLAINTIFF IS ENTITLED TO FUTURE DAMAGES, INCLUDING FUTURE EARNINGS, THEN YOU MUST DETERMINE THE PRESENT WORTH IN DOLLARS OF SUCH FUTURE DAMAGES.

IF YOU AWARD DAMAGES FOR LOSS OF FUTURE EARNINGS, YOU MUST CONSIDER TWO PARTICULAR FACTORS:

1. YOU SHOULD REDUCE ANY AWARD BY THE AMOUNT OF THE EXPENSES THAT THE PLAINTIFF WOULD HAVE INCURRED IN MAKING THOSE EARNINGS.

2. IF YOU MAKE AN AWARD FOR FUTURE LOSS OF EARNINGS, YOU MUST REDUCE IT TO PRESENT VALUE BY CONSIDERING THE INTEREST THAT THE PLAINTIFF COULD EARN ON THE AMOUNT OF THE AWARD IF HE MADE A RELATIVELY RISK-FREE INVESTMENT. THE REASON WHY YOU MUST MAKE THIS REDUCTION IS BECAUSE AN AWARD OF AN AMOUNT REPRESENTING FUTURE LOSS OF EARNINGS IS MORE VALUABLE TO THE PLAINTIFF IF HE RECEIVES IT TODAY THAN IF HE RECEIVED IT IN THE FUTURE, WHEN HE WOULD OTHERWISE HAVE EARNED IT. IT IS MORE VALUABLE BECAUSE THE PLAINTIFF CAN EARN INTEREST ON IT FOR THE PERIOD OF TIME BETWEEN THE DATE OF THE AWARD AND THE DATE HE WOULD HAVE EARNED THE MONEY. THUS YOU SHOULD

ADJUST THE AMOUNT OF ANY AWARD FOR FUTURE LOSS OF EARNINGS BY THE AMOUNT OF INTEREST THAT THE PLAINTIFF CAN EARN ON THAT AMOUNT IN THE FUTURE.

HOWEVER, YOU MUST NOT MAKE ANY ADJUSTMENT TO PRESENT VALUE FOR ANY DAMAGES YOU MAY AWARD FOR FUTURE PAIN AND SUFFERING OR FUTURE MENTAL ANGUISH.

PLAINTIFF'S DUTY TO MITIGATE DAMAGES

A PERSON WHO CLAIMS DAMAGES RESULTING FROM THE WRONGFUL ACT OF ANOTHER HAS A DUTY UNDER THE LAW TO USE REASONABLE DILIGENCE TO MITIGATE, THAT IS, TO AVOID OR MINIMIZE, THOSE DAMAGES.

IF YOU FIND THE DEFENDANTS ARE LIABLE AND THE PLAINTIFF HAS SUFFERED DAMAGES, THE PLAINTIFF MAY NOT RECOVER FOR ANY ITEM OF DAMAGE WHICH HE COULD HAVE AVOIDED THROUGH REASONABLE EFFORT. IF YOU FIND BY A PREPONDERANCE OF THE EVIDENCE THE PLAINTIFF UNREASONABLY FAILED TO TAKE ADVANTAGE OF AN OPPORTUNITY TO LESSEN HIS DAMAGES, YOU SHOULD DENY HIM RECOVERY FOR THOSE DAMAGES THAT HE WOULD HAVE AVOIDED HAD HE TAKEN ADVANTAGE OF THE OPPORTUNITY.

YOU ARE THE SOLE JUDGE OF WHETHER THE PLAINTIFF ACTED REASONABLY IN AVOIDING OR MINIMIZING HIS DAMAGES. AN INJURED PLAINTIFF MAY NOT SIT IDLY BY WHEN PRESENTED WITH AN OPPORTUNITY TO REDUCE HIS DAMAGES. HOWEVER, HE IS NOT REQUIRED TO EXERCISE

UNREASONABLE EFFORTS OR INCUR UNREASONABLE EXPENSES IN MITIGATING THE DAMAGES. THE DEFENDANTS HAVE THE BURDEN OF PROVING THE DAMAGES WHICH THE PLAINTIFF COULD HAVE MITIGATED. IN DECIDING WHETHER TO REDUCE THE PLAINTIFF'S DAMAGES BECAUSE OF HIS FAILURE TO MITIGATE, YOU MUST WEIGH ALL THE EVIDENCE IN LIGHT OF THE PARTICULAR CIRCUMSTANCES OF THE CASE, USING SOUND DISCRETION IN DECIDING WHETHER THE DEFENDANTS HAVE SATISFIED THEIR BURDEN OF PROVING THAT THE PLAINTIFF'S CONDUCT WAS NOT REASONABLE.

## MULTIPLE CLAIMS-MULTIPLE DEFENDANTS

YOU MAY IMPOSE DAMAGES ON A CLAIM SOLELY UPON THE DEFENDANT OR DEFENDANTS THAT YOU FIND ARE LIABLE ON THAT CLAIM. ALTHOUGH THERE ARE TWO DEFENDANTS IN THIS CASE, IT DOES NOT NECESSARILY FOLLOW THAT IF ONE IS LIABLE, THE OTHER IS ALSO LIABLE. EACH DEFENDANT IS ENTITLED TO FAIR, SEPARATE AND INDIVIDUAL CONSIDERATION OF HIS CASE WITHOUT REGARD TO YOUR DECISION AS TO THE OTHER DEFENDANT. IF YOU FIND THAT ONLY ONE DEFENDANT IS RESPONSIBLE FOR A PARTICULAR INJURY, THEN YOU MUST AWARD DAMAGES FOR THAT INJURY ONLY AGAINST THAT DEFENDANT.

## DELIBERATIONS

WHEN YOU RETIRE TO THE JURY ROOM TO DELIBERATE ON YOUR VERDICT YOU MAY TAKE THESE CHARGES AND THE TRIAL EXHIBITS WITH YOU. YOUR VERDICT MUST REPRESENT THE CONSIDERED JUDGMENT OF EACH JUROR. IN ORDER TO REACH A VERDICT, IT IS NECESSARY THAT EACH JUROR AGREE. YOUR VERDICT MUST BE UNANIMOUS. IT IS YOUR DUTY AS JURORS TO CONSULT WITH ONE ANOTHER AND TO DELIBERATE WITH A VIEW TOWARD REACHING AN AGREEMENT, IF YOU CAN DO SO WITHOUT VIOLENCE TO YOUR INDEPENDENT JUDGMENT. YOU MUST DECIDE THIS CASE FOR YOURSELF, BUT ONLY AFTER AN IMPARTIAL CONSIDERATION OF THE EVIDENCE IN THE CASE WITH YOUR FELLOW JURORS. IN THE COURSE OF YOUR DELIBERATIONS, DO NOT HESITATE TO REEXAMINE YOUR OWN VIEWS AND CHANGE YOUR OPINION, IF YOU BECOME CONVINCED YOU ARE WRONG. BUT DO NOT GIVE UP YOUR HONEST BELIEFS SOLELY BECAUSE THE OTHERS THINK DIFFERENTLY OR JUST TO FINISH THE CASE.

REMEMBER AT ALL TIMES YOU ARE NOT PARTISANS. YOU ARE JUDGES--JUDGES OF THE FACTS. YOUR ONLY INTEREST IS TO SEEK THE TRUTH FROM THE EVIDENCE IN THE CASE.

WHEN YOU RETIRE TO THE JURY ROOM, SELECT ONE OF YOUR MEMBERS AS A FOREPERSON. THE FOREPERSON WILL PRESIDE OVER YOUR DELIBERATIONS AND WILL BE YOUR SPOKESPERSON HERE IN COURT. A FORM OF SPECIAL VERDICT HAS BEEN PREPARED FOR YOUR CONVENIENCE.

YOU WILL TAKE THIS WITH YOU IN THE JURY ROOM.

(THE SPECIAL VERDICT FORM IS READ TO THE JURY)

YOU WILL NOTE THAT THE FORM CONTAINS SEVERAL QUESTIONS. THE ANSWER TO EACH QUESTION MUST BE THE UNANIMOUS ANSWER OF THE JURY. IN THE SPACE PROVIDED BELOW EACH QUESTION, YOU WILL FIND DIRECTIONS THAT INSTRUCT YOU EITHER TO ANSWER THE NEXT QUESTION, TO PROCEED TO SOME OTHER QUESTION OR TO STOP AND RETURN TO THE COURTROOM WITH YOUR VERDICT. YOU MUST CAREFULLY FOLLOW THESE DIRECTIONS AS YOU COMPLETE THE FORM.

WHEN YOU FINISH DELIBERATING, THE FOREPERSON SHOULD SIGN AND DATE THE SPECIAL VERDICT FORM.

IF YOU WANT TO COMMUNICATE WITH ME, YOU MAY SEND A NOTE BY THE MARSHAL. YOU SHOULD NOT ATTEMPT TO COMMUNICATE WITH ME BY ANY MEANS OTHER THAN IN WRITING, AND I WILL NOT COMMUNICATE WITH ANY MEMBER OF THE JURY ON ANY SUBJECT TOUCHING ON THE MERITS OF THE CASE OTHER THAN IN WRITING, OR ORALLY IN OPEN COURT. I WILL ALWAYS DISCLOSE YOUR QUESTION AND MY RESPONSE TO THE ATTORNEYS BEFORE I ANSWER ANY OF YOUR QUESTIONS.

BEAR IN MIND THAT YOU ARE NEVER TO REVEAL TO ANY PERSON--NOT EVEN TO THE COURT--HOW THE JURY STANDS, NUMERICALLY OR OTHERWISE, ON THE QUESTIONS BEFORE YOU, UNTIL YOU HAVE REACHED A UNANIMOUS

VERDICT.

YOU MAY NOW RETIRE TO THE JURY ROOM TO CONDUCT YOUR DELIBERATIONS.